## CUMMINGS, Adm'r, v. ALLEN.

On appeal from a decree of the judge of probate, making a second allowance to a widow, it was *held*, that though a court of probate may make an allowance to a widow without notice, in the exercise of its discretion, yet the discretion to be exercised is a legal and not a capricious discretion; and where one allowance, deemed at the time suitable and sufficient, has been made, it is not a just exercise of such discretion to make a further allowance without notice.

On appeal in such a case, the Supreme Court examine the question as to the amount of the allowance, as if the case were originally before them.

Where the debts exceeded the whole estate, which was about $6,400, and the widow's dower was worth $640, and she was allowed $600, a further allowance was not deemed reasonable.

THIS is an appeal from a decree of the judge of probate for the county of Grafton, rendered September 19, 1854, at Lisbon, upon a petition of Phebe Allen.

The petition sets forth that the petitioner " is the widow of James Allen, late of Lisbon, in said county, deceased, intestate. Wherefore she prays that the judge would make her such further allowance out of the personal estate of the deceased, for her support and comfort, as may be suitable to her condition and degree, and consistent with the situation of the estate. The former allowance, except those things she must keep to use, being expended, as she was required to pay for all she and her children eat, from his death, and for her daughter's things, near one hundred dollars, it is all gone that she can spare, and she now wishes for more, as you may deem meet."

The decree was that the said widow be allowed, in such articles as she may choose out of the inventory of the personal estate of said deceased, suitable to her condition, at their appraised value, the sum of one hundred and seventy-five dollars, for her present support and comfort.

The appeal was taken and filed in the probate office November 10, 1854. It sets forth as reasons of appeal —

1. Because said allowance was obtained secretly, and without the knowledge of said administrator. 2. In substance, be-

cause it is not reasonable, nor just to the creditors, that a further allowance should be made, the estate being insolvent, the debts proved against the estate exceeding $6,900, while the assets amount to less than $6,400, and the interest, expenses of administration, and other claims, are estimated to increase the liabilities to over $7,500, while the widow has been allowed $600, and her dower, valued at $643,46, and has received other benefits from her husband and his estate of $300, and has property amounting to $2000, &c.; and the estate will not pay the creditors over sixty-eight per cent.

An auditor was appointed in the Superior Court, at December term, 1854, who reports at this term that he had heard the parties, and finds the facts as follows:

The application was made to the probate court in the morning, and its substance stated to the judge. No action was had on it till near the close of the day, the court being occupied with other matters. The appellants were both present in court most of the day, but had no knowledge or suspicion of the application, although they were aware that the widow designed to apply at some time for a further allowance. No entry of the petition was made on the docket, and the allowance was made after both appellants were gone.

The estate will not divide over seventy per cent. on the claims, by the best estimate. A first allowance of $600 had been made, and the dower was of the value of $643,46. The widow owned, in her own right, a house and land, worth $566, fairly obtained. The judge knew the estate to be insolvent when he made the first allowance, in November, 1853. The real estate was sold, except the homestead, by license granted March 21, on the 17th of April, 1854, and the homestead, by license of November 24th, on the 23d of December, 1854. Dower was assigned March, 1854; the personal property remaining at the second allowance, September 19, 1854, $59.90; good demands, $70.94; doubtful, 180.88; cash, $104.43; share of partnership property, $1000: The accounts of the firm settled by Messrs. Cummings and Rand, Mrs. Allen taking no part in the division.

Cummings *v.* Allen.

*Rand,* for the appellants.

*Goodall* and *Carpenter,* for the appellees.

BELL, J. There are in substance two reasons of appeal stated in this case : 1. That the allowance was made without notice. 2. That under the circumstances of the estate and of the applicant, it was not reasonable nor just to the creditors that it should be made.

In answer to the first of these objections, it is said that no notice was given, because none was required by law ; and we' are referred to chapter 155 of the Revised Statutes, where it is provided that the judge of probate may, in his discretion, proceed without notice in certain enumerated cases, among which is that of making allowances of this kind. Admitting the force claimed for this provision, it would not be sufficient to account for the course pursued in this case, which has not only the appearance of acting without notice, but of so acting as to deprive the party of the notice he might naturally have acquired from the fact of his presence in court most of the day. The application was presented to the judge early, and remained unnoticed till near its close. During most of the day the administrators were present, and yet when they left, near evening, they had no notice and no suspicion that such proceeding was pending in the court. It was a great error of the judge not to have caused some mention of the subject to be made to the parties representing the creditors. In general, notice is indispensable to the validity of law proceedings, because justice requires it. And in the few cases where the law, in urgent cases or for special reasons, allows formal notice to be omitted, courts rarely act without some information to parties interested, if the case admits of it.

The judge of probate is authorized to act in certain cases without notice, in his discretion. This provision is liable to be misunderstood. The discretion thus to be exercised is not a capricious discretion, to be exercised according to the whim, or

caprice, or favor of the judge. It is a legal discretion, to be exercised only upon a careful consideration of the facts of the case, and with an anxious regard to the rights and interests of the parties to be affected by the proceedings. And it cannot be regarded as a legal or judicious exercise of such discretion to make decrees affecting the rights of others without enquiry whether those persons are aware of the proceeding, and whether they are known to have objections to the application; whether the design to apply has been in any way studiously concealed, and whether there exist any reasons of haste or urgency, which render it unsuitable that the case should be delayed. And, as a general rule, the judge should be satisfied that the parties to be affected, or some of those most interested, are aware of the proceeding, or that good reasons exist against any delay; or he should require some notice to be given, not necessarily the formal notice required by the statute, but some notice sufficient to put the party upon the alert. .

While the courts of probate should act upon these principles always, there are many classes of cases where the just exercise of the legal discretion vested in that tribunal should require that formal notice should be given as of course, and the present case seems eminently one of that class. The design of the allowance to the widow is to provide her the means of living, when her family is broken up and her ordinary sources of supply cut off. It is almost a matter of course that such allowance should be necessary, and when the application is made early, as is usual, it is expected by the administrator, and notice is comparatively unnecessary. But when such an application has been once made, and a very liberal allowance ordered, and the property has been sold or disposed of; when the estate has been ascertained to be deeply insolvent, so that it is evident that the assets in justice are the property of the creditors; after such delay as to show conclusively that there can be no haste or urgency to forbid careful and deliberate hearing and consideration of the merits of the application, justice requires and sound legal discretion demands that formal notice of the application should

be given. Upon a reversal of the decree for this cause, this court may either decide upon the propriety of the allowance and its amount, or remit the case to the court of probate for further notice and proceedings.

In this case the second cause of appeal brings directly before us the reasonableness and propriety of the allowance made, under all the circumstances.

And here we are met by a suggestion, that it is a settled principle of this court that they will not revise the decisions of an inferior tribunal upon any point on which they have exercised a legal discretion. That there are many cases where this rule governs, is admitted, particularly in matters affecting the course of proceeding in courts ; but it has little if any application in cases of appeals from courts of probate, from the nature of the jurisdiction of those courts. By the statute an appeal may be taken from any order, decree, direction, &c., of the court of probate by which any party may feel himself aggrieved. The appeal has the effect to set aside the decree, and to carry the whole case to this court, as the supreme court of probate, for decision, where it is to be heard, examined and considered, precisely as it should have been in the court below, and this court are not barred by any legal principle to consider any question which could properly be considered in the ordinary court.

Having, then, no doubts of the power or the duty of this court to revise the whole matter brought before us by this appeal, we have turned our attention to the facts bearing upon the reasonableness and propriety of this allowance, and have carefully considered them. And we are all satisfied that the allowance was unreasonable and unjust to the creditors. Independent of the expenses of administration, of the dower, and first allowance to the widow, the debts exceeded the entire property, being estimated at $6,900 and upwards, while the assets amounted to $6,400. Out of this estate the widow has her dower, valued at $643.46, and an allowance of $600, equal to $1240.

Before the exact state of the property was known the judge of probate had been applied to for an allowance ; and he was

then satisfied, when, doubtless, the amount of the estate looked larger than it now does, that $600 was a proper allowance, and it seems to us a liberal allowance. The instances are very rare where the debts of an estate are not found to be larger than was expected ; and the allowance, which seemed reasonable when made, must often seem disproportionate when it is seen that it is taken from the pockets of creditors. Nothing has occurred since the original allowance was made to show that the wants of the widow are greater or the ability of the estate greater than at that time. The decree appealed from is reversed, and a further allowance denied.

The case does not seem to be one which calls for the allowance of costs, and the decree will be without costs.